BETTS, (GIBSON v.) See Case No. 5,390.

## Case No. 1,374.

### BETTS et al. v. GOODWIN et al.

#### [43 Hunt, Mer. Mag. (1860,) 70.]

District Court, S. D. New York.

ADMIRALTY—JURISDICTION—CONTRACT OF TOWAGE.

[A towage contract, requiring the tow to extend far enough out on the high seas to enable the vessel to clear the shore, is a maritime contract, and, as such, is within the jurisdiction of the federal court, although the service did not in fact extend beyond the district in which it originated.]

[In admiralty. Libel by Benjamin F. Betts and others, owners of the C. Durant, against Eben Goodwin and others, for breach of a contract of towage. Decree for libellants.]

Before BETTS, District Judge.

This was a cross action tried with the preceding, [Goodwin v. The C. Durant, Case No. 5,552,] brought by the owners of the C. Durant to recover $30 for towing the vessel to sea.

HELD BY THE COURT: That the court has jurisdiction of the action. The terminus of the service in fact happened within the exterior boundaries of the state, but the contract was indefinite as to distance, and required that the steamer should tow the bark far enough out on the high seas to enable her to clear herself from the shore, and was accordingly in principle not confined to a place within the state. Its meaning, as well as its terms, looked to placing the bark fully and effectually at sea. It was, therefore, a maritime contract. The merits of the controversy as to the damage to the bark were decided in the previous case.

Decree, therefore, for libellants for $30, with interest from the commencement of the action, the day of the contract not having been proved.